United States District Court
District of Massachusetts

| | |
|---|---|
| Bruce Wilborn,  )<br>            )<br>    Plaintiff,  )<br>            )<br>    v.          )<br>            )<br>Charlene Bonner, et al.,  )<br>            )<br>    Defendants.  )<br>            ) | Civil Action No.<br>19-12050-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises from the complaint filed by Bruce Wilborn ("Wilborn" or "plaintiff") against Charlene Bonner, Tonomey Coleman, Sheila Dupre, Tina Hurley, Colette Santa, Lucy Soto-Abbe, Gloriann Moroney, Karen McCarthy and Paul Treseler (collectively, "defendants"), all current or former voting members of the Massachusetts Parole Board ("the Board"). Wilborn alleges violations of his due process and equal protection rights under the Fourteenth Amendment of the United States Constitution resulting from the defendants' denial of his request for parole in September, 2019. Pending before the Court is the motion of defendants to dismiss plaintiff's complaint.

Defendants' motion was referred to Magistrate Judge M. Page Kelley in July, 2020, and on October 19, 2020, she entered a Report and Recommendation ("R&R") recommending that the Court 1) dismiss the complaint as to defendants Gloriann Moroney and Karen McCarthy; 2) allow defendants' motion to dismiss with respect to the due process claim in count I; but 3) deny defendants' motion to dismiss as to the equal protection claim in count II.  Both plaintiff and defendants filed objections to the R&R.

The facts and procedural history are provided in detail in the R&R with which the Court assumes familiarity.

I.   **Objections to the Report and Recommendation**

When a district judge refers a dispositive motion to a magistrate judge for recommended disposition, it must determine de novo any part of the magistrate judge's disposition to which an objection has been properly registered. Fed. R. Civ. P. 72(b)(3).

In this case, plaintiff objects to the finding of the magistrate judge that he has not stated a claim of a due process violation.  He contends that, although there is no liberty interest in parole under Massachusetts law, he nevertheless holds a liberty interest in not being denied parole for an

arbitrary reason.  Plaintiff also asserts that, because he was first granted parole in 2009, every subsequent hearing is effectively a review of the revocation of his parole in which he has a conditional liberty interest.

Defendants object to the magistrate judge's finding that plaintiff has stated a plausible claim for violation of his equal protection rights.  Specifically, they contend that plaintiff has failed to allege sufficiently that 1) other inmates are valid comparators under his "class of one" claim or 2) the denial of his parole application was irrational or the result of impermissible bias.  They also insist that the Federal Courts Improvement Act ("FCIA") bars plaintiff's action against them as quasi-judicial officers.

Because this Court finds that the magistrate judge correctly concluded that plaintiff has no liberty interest in the grant of parole, Wilborn cannot maintain his due process claim.  It also agrees that the magistrate judge correctly concluded that declaratory relief is unavailable and therefore the FCIA does not apply.  Accordingly, this Court will address further only defendants' legal argument with respect to the equal protection claim advanced by plaintiff.

## II. Motion to Dismiss

### A. Legal Standard

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In considering the merits of a motion to dismiss, the Court may only look to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. Nollet v. Justices of Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000), aff'd, 228 F.3d 1127 (1st Cir. 2000).

Although a court must accept as true all the factual allegations in a complaint, that doctrine is not applicable to legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662 (2009). Threadbare recitals of legal elements which are supported by mere conclusory statements do not suffice to state a cause of action. Id.

### B. Application

Defendants object to Magistrate Judge Kelley's recommendation that their motion to dismiss be denied as to count II, which alleges an equal protection violation on a

"class of one" basis. The Court will reject that recommendation because it finds that Wilborn has not pled facts sufficient to state such a claim in a context involving highly discretionary decisions.

An equal protection claim may be brought on a "class of one" theory by a plaintiff demonstrating that he

> has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.

Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Such a theory requires "an extremely high degree of similarity" between the plaintiff and those that he or she claims are similarly situated. Freeman v. Town of Hudson, 714 F.3d 29, 38 (1st Cir. 2013) (internal citation and quotation omitted).

Furthermore, in Engquist v. Or. Dep't of Agric., 553 U.S. 591 (2008), the Supreme Court of the United States observed that

> [t]here are some forms of state action, however, which by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments. In such cases the rule that people should be "treated alike, under like circumstances and conditions" is not violated when one person is treated differently from others, because treating like individuals differently is an accepted consequence of the discretion granted.

553 U.S. at 603.

Many courts have cited Engquist when declining to extend the "class of one" theory to contexts involving discretionary and subjective decisionmaking, including denials of parole. See Shoreline Found. v. City of Muskegon, 2012 U.S. Dist. LEXIS 187457, at *17-18 (W.D. Mich. 2012) (collecting cases); Green v. Livingston, 2009 U.S. Dist. LEXIS 52284, 2009 WL 1788319, at * 4 (W.D. Mich. June 19, 2009) (citing Engquist in holding class-of-one theory was inapplicable to parole board decision to grant or deny parole); Siao-Pao v. Connolly, 564 F. Supp. 2d 232, 245 (S.D.N.Y. 2008) (holding Engquist bars challenge to parole board's decision to deny parole).

Furthermore, courts in this Circuit have confirmed that a plaintiff faces an exceedingly high bar when bringing an equal protection claim on a "class of one" basis. See Cordi-Allen v. Conlon, 494 F.3d 245, 255 (1st Cir. 2007) ("The Olech class of one suit serves an important but relatively narrow function."); Higgins v. Blaisdell, 2012 U.S. Dist. LEXIS 90454, at *16-17 (D.N.H. 2012) (applying Engquist in holding that "if a rational basis existed" for the parole board to deny the defendant parole, "no equal protection violation has occurred, as the denial is within the [parole board's] discretion"); Dupont v. N.H. Adult Parole Bd., 2011 U.S. Dist. LEXIS 150902, at *11-12 (D.N.H. 2011) (same).

Here, in support of his equal protection claim, Wilborn lists several examples of paroled, second-degree murder prisoners who had purportedly worse disciplinary records than he had and participated in fewer educational and rehabilitation programs. That is not, however, sufficient to state a plausible claim of an equal protection violation on a "class of one" theory. The decision to grant or deny parole to an inmate in Massachusetts is individualized and involves subjective consideration of many different factors. See generally M.G.L. c. 127 § 130.

After Wilborn's most recent parole hearing, the Board determined that he was not yet rehabilitated, which is a rational basis for denying parole. Considering the broad discretion possessed by the Board and the individualized nature of parole determinations, plaintiff has not met his burden of demonstrating that there is an "extremely high degree of similarity" between him and other inmates who were granted parole. Freeman, 714 F.3d at 38. Accordingly, the equal protection claim in his complaint will be dismissed for failure to state a claim.

**ORDER**

For the foregoing reasons,

a)  plaintiff's objection to the Report and Recommendation ("R&R") (Docket No. 49) is **OVERRULED**;

b)  defendants' objection to the R&R (Docket No. 50) is, with respect to the equal protection claim, **SUSTAINED** but otherwise **OVERRULED**;

c)  the R&R (Docket No. 43) is otherwise **ACCEPTED** and **ADOPTED**; and

d)  the motion of defendants to dismiss the complaint (Docket No. 14) is **ALLOWED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated November 24, 2020